**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIAM C. DOWDEN, #61233-080** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:09-CV-1956-K** |
| | § | |
| **M. CRUZ, Warden FCI Seagoville,** | § | |
| **Respondent.**[1] | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for findings, conclusions and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner William C. Dowden is presently confined at FCI Seagoville in Seagoville, Texas. Respondent M. Cruz, is the Warden of FCI Seagoville. Process has been issued in this case.

Statement of the Case: Petitioner is presently serving a 77-month sentence imposed by the Western District of Texas on August 17, 2006, for possession with intent to distribute

---

[1]	The court has modified the caption to reflect the Warden at FCI Seagoville as the Respondent in this action. The proper respondent to a habeas petition under § 2241 is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 2717 (2004).

marijuana.  *See United States v. Dowden*, No. 3:06cr174 (W.D. Tex., El Paso Div. 2006).

Petitioner owes $7,500 for a fine initially imposed on September 14, 1995, in connection with

his conviction for conspiracy to distribute and possession with intent to distribute cocaine, for

which he was sentenced to 36-months imprisonment.  *See United States v. Dowden*, No.

1:95cr078 (W.D. Tex. 1995).

Petitioner requests the court to declare him indigent, and vacate the previously imposed

fine because he is financially unable to pay it.  He relies on 18 U.S.C. § 3569, which was

repealed effective November 1, 1987.

In response to the court's order to show cause, Respondent filed a motion to dismiss

under Fed. R. Civ. P. 12(b)(1) and (6), seeking dismissal for failure to exhaust administrative

remedies and for lack of subject matter jurisdiction.  Petitioner has not objected.

Findings and Conclusions:  A federal petitioner seeking relief pursuant to 28 U.S.C. §

2241 must first exhaust his/her administrative remedies through the Bureau of Prisons.  *Fuller v.

Rich,* 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor,* 905 F.2d 76, 78 n. 2 (5th Cir.

1990); *United States v. Smith,* 869 F.2d 835, 837 n. 1 (5th Cir. 1989).

Petitioner has not exhausted his administrative remedies.  He conceded as much in his

federal petition.  (Pet. at 4).  Moreover, he has failed to carry his burden of showing futility of

administrative remedies.  *Fuller*, 11 F.3d at 62.

Even assuming exhaustion of administrative remedies, the court lacks jurisdiction over

the petition in this case.  Petitioner was ordered to pay the $7,500 in 1995, long after the repeal

of 18 U.S.C. § 3569.  In addition, he is not nor was he at anytime incarcerated "solely for the

non-payment of a fine."  *United States v. Hale*, 468 F.2d 435, 437, n.8 (5th Cir. 1972) (noting

that § 3569 established a procedure whereby an indigent prisoner could obtain release if he were

"being held solely for the non-payment of a fine.").  Therefore, "[n]either § 3569 nor any other

statute provide[s] . . . any jurisdictional basis" for this case.  *See United States v. Williams*, 263

F.3d 162, 2001 WL 803796 (5th Cir. 2001) (unpublished per curiam).

RECOMMENDATION:

     For the foregoing reasons, it is recommended that Respondent's motion to dismiss for

failure to exhaust administrative remedies and/or for lack of jurisdiction (Docket # 12) be

GRANTED, and that this case be DISMISSED with prejudice.

     Signed this 19th day of February, 2010.



WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE



NOTICE

     A copy of this report and recommendation shall be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.